

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Ventura v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ventura v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3467

_____


BENIGNO VENTURA,
                    Petitioner
              v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                    Respondent

_____


On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A75-446-722)
Immigration Judge:  Hon. Henry S. Dogin

_____


Submitted Under Third Circuit LAR 34.1(a)
February 11, 2008

Before:  SLOVITER, SMITH, and STAPLETON, Circuit Judges

(Filed:   February 21, 2008)

_____


OPINION

_____

SLOVITER, Circuit Judge.

Benigno Ventura, a native and citizen of the Dominican Republic, has filed a petition for review of the order of removal entered by the Board of Immigration Appeals ("BIA") after termination of his conditional permanent resident status. The government has filed a motion to dismiss the petition for review for lack of jurisdiction.

Ventura entered the United States on November 18, 1994 on a non-immigrant worker visa as a musician. He divorced his Dominican wife in 1995 and married Belgica Vilchez, a U.S. citizen, on October 24, 1996. Based on this marriage, Ventura became a permanent resident on a conditional basis.

Although the couple jointly filed a petition to remove the conditions on Ventura's resident status as required by 8 U.S.C. § 1186a(c)(1), Vilchez withdrew the joint petition after the relationship between the couple deteriorated. During her interview with the Immigration and Naturalization Service ("INS") in 2001, Vilchez stated that Ventura had paid her $4,000 to marry for immigration purposes and that the couple had never resided together or consummated their marriage. The couple's divorce was finalized in the Dominican Republic on January 7, 2002. Ventura filed a revised petition in February 2002, requesting waiver of the joint filing requirement due to extreme hardship. On August 17, 2004, the Department of Homeland Security denied Ventura's petition, terminated his conditional permanent resident status, and initiated removal proceedings.

2

Following a hearing before an Immigration Judge ("IJ") on March 2, 2005, at which Ventura argued and presented evidence that he was entitled to a waiver of the joint filing requirement for removal of the conditional basis of permanent residency because he had entered into the marriage in good faith, the IJ credited Vilchez's statement, denied Ventura's waiver request, and ordered removal. The BIA affirmed, holding that the IJ's findings of fact were not clearly erroneous.

The government argues that we have no jurisdiction to review Ventura's petition because the denial of the requisite waiver by the IJ (affirmed by the BIA) was a discretionary decision. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), no court has jurisdiction over any decision or action of the Attorney General which is specified by the Immigration subchapter of the Immigration and Nationality Act ("INA") to be in the discretion of the Attorney General, with the exception of asylum claims. In Urena-Tavarez v. Ashcroft, 367 F.3d 154, 161 (3d Cir. 2004), a similar case, we held that § 1252(a)(2)(B)(ii) prohibited our exercise of jurisdiction because 8 U.S.C. § 1186a(c)(4) explicitly provides the Attorney General with discretion to grant a waiver of the joint application requirement for removal of the conditional basis of permanent resident status. We noted that the Attorney General must consider "any credible evidence relevant to the application" but that the Attorney General has the "sole discretion" to determine what evidence is credible and how much weight to assign the evidence. 8 U.S.C. § 1186a(c)(4). Although the REAL ID Act of 2005 amendments to 8 U.S.C. § 1252, enacted after Urena-Tavarez,

3

added § 1252(a)(2)(D), which essentially restores judicial review of constitutional claims or questions of law, "factual or discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006), see also Jarbough v. Attorney Gen., 483 F.3d 184, 188 (3d Cir. 2007). Therefore, § 1252(a)(2)(B)(ii) continues to bar review of the Attorney General's discretionary decision to waive requirements to remove conditions on permanent resident status.

We need not decide Ventura's claim that his due process rights were violated by the introduction of his ex-wife's affidavit because Ventura did not object to the introduction of the affidavit during his hearing and therefore waived any objection.

We conclude that we are without jurisdiction to review Ventura's petition pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) and will grant the government's motion to dismiss.

_____

4